UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

  v.                                      DECISION AND ORDER
                                                  06-CV-381S

ONE 1997 HONDA CIVIC
VIN: 2HGEJ6578VH549526
GREEN IN COLOR, TINTED AND
REGISTERED TO LUIS S. PABON,

ONE 1979 JEEP WRANGLER RENEGADE
VIN: J9A93EH804333, RED IN COLOR AND
TITLED TO LUIS S. PABON,

ONE 2002 POLARIS SPORTSMAN 700 ATV
VIN: 4XACH68A12A705190, BLACK IN COLOR, AND
TITLED AND REGISTERED TO LUIS S. PABON, and

$5,869.00 UNITED STATES CURRENCY,

                Defendants.

---

## I. INTRODUCTION

Plaintiff, the United States of America ("the Government"), commenced this action on June 12, 2006, pursuant to the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. §§ 981 et seq. The Government seized the defendant vehicles and currency, which allegedly belong to Luis Pabon ("Pabon" or "Claimant") as being derived from narcotics trafficking.

Presently before the Court is the Government's Motion for Default Judgment and Order of Forfeiture (Docket No. 12) and Pabon's Cross-Motion to set Aside the Clerk's

1

Entry of Default and to deny default judgment.[1] (Docket No. 14). This Court grants the Government's Motion for Default Judgment and denies Pabon's Cross-Motion to Set Aside for the reasons stated in the discussion that follows.

## II. FACTS

Pabon was arrested along with numerous other individuals for alleged involvement in a heroin and cocaine distribution ring. Following the arrests, special agents of the Federal Bureau of Investigations Criminal Enterprise Task Force executed a search warrant and seized various items of property, including the subject property–to wit, two extensively customized automobiles, an all terrain vehicle (ATV), and currency. The government argues that this property was purchased by drug proceeds and is subject to forfeiture under CAFRA.

The Government served copies of the Verified Complaint for Forfeiture and a Warrant and Summons for Arrest of Articles *in Rem* by mail on Pabon's criminal defense attorney Michael J. Stachowski on June 20, 2006. Pabon was personally served on July 6, 2006. The Warrant and Summons directed that a person who asserts an interest in the property "must file a verified statement of interest/ claim with the Clerk of this Court" within thirty (30) days after being served with the Government's Complaint, pursuant to Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Additionally, the warrant and summons required that an answer to the complaint be served within twenty days after the filing of the statement of interest/ claim. No statement of interest/ claim was

---

[1] The Government filed an affirmation, memorandum of law and reply memorandum in support of its motion. Claimant filed an attorney affidavit in support of his cross motion and in opposition to the Government's motion.

filed.  On August, 15, 2006, a Clerk's entry of default (Docket No. 11) was entered against the property pursuant to FED. R. CIV. PRO. 55(b).  The Government filed its Motion for Default Judgment on September 14, 2006.  (Docket No. 12).  On October 11, 2006, Pabon filed a Motion to set Aside the Clerk's Entry of Default to which he appended a Proposed Answer.  (Docket No. 14).

### III. DISCUSSION

**A. Pabon Failed to Timely File a Claim**

The procedural requirements of a federal civil forfeiture action are governed by CAFRA and the Supplemental Rules.  18 U.S.C. § 983(a)(4)(A); *see* also United States v. $1,437.00, 242 F. Supp. 2d 193, 195 (W.D.N.Y. 2002).  The United States initiates a judicial forfeiture by filing a complaint in the district where the seizure occurred.  Supp. Rule C(2).  Upon the filing of the complaint, the district court clerk issues a warrant for the arrest of the property at issue.  See Supp. Rule C(3).  The United States must then publish notice of the action and arrest in a newspaper of general circulation within the district.  The notice must specify the time within which the party filing the claim must file an answer.  Supp. Rule C(4). Claimants to the seized property must file a claim of interest in the property within thirty days of service of the government's complaint and an answer within twenty days after the filing of the claim of interest.  Supp. Rule C(6).

The time limit for filing claims to seized property was enacted "to force claimants to come forward as soon as possible after forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay." United States v. 1982 Yukon Delta Houseboat, 774 F.2d 1432, 1436 (9th Cir. 1985).  The time limit

should be strictly enforced.  Id.  See also United States v. Amiel, 995 F.2d 367 (2d Cir. 1993) (strict compliance with rule requiring filing of an answer together with the claim). Measuring from the date on which Pabon, rather than his attorney was served, his statement of interest/ claim was due no later than August 7, 2006.  No claim was filed and Pabon's Cross-Motion and Proposed Answer was not filed until 97 days after he was personally served.

**B. Pabon Has Not Demonstrated Good Cause to Vacate the Entry of Default**

Under FED. R. CIV. PRO. 55(c), an entry of default may be set aside for "good cause shown."  The "good cause" standard under Rule 55(c) is evaluated under identical criteria to that of the "excusable neglect" standard under Rule 60(b).  See Richardson v. Nassau County, 184 F.R.D. 497, 501 (E.D.N.Y. 1999); TCI Group Line Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).   Under Fed. R. Civ. Pro. 60(b), an entry of default may be set aside for "mistake, inadvertence, surprise, . . . excusable neglect [or] any other reason justifying relief from the operation of the judgment."  The Second Circuit has further elaborated as to the proper criteria to be considered under Fed. R. Civ. Pro. 60(b).  These criteria include "(1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) the level of prejudice that may occur to the nondefaulting party if relief is granted."  United States v. $393,967, 775 F. Supp. 43, 46 (E.D.N.Y. 1991) (citing Wagstaff-El v. Carlton Press Co., 913 F.2d 56, 57 (2d Cir. 1990)).  The party seeking to vacate the default judgment bears the burden of demonstrating the presence of good cause or excusable neglect.  TCI Group, 244 F.3d at 696.

Pabon argues that the entry of default should be vacated because he was confused as to whether his appointed criminal defense attorney was representing him in the civil

4

forfeiture action. This Court concludes that Pabon's confusion as to the scope of existing legal representation does not constitute excusable neglect in this case. Pabon's "confusion" is highly questionable given Stachowski's affirmation that he had explained to Pabon that he could not represent him in the civil forfeiture action without a separate retainer. This Court is also persuaded by existing caselaw concluding that confusion as to the scope of legal representation is not excusable neglect. For example, in United States v. $32,000, 2006 WL 1883274 (N.D. Cal. 2006), the claimant had hired two lawyers and each lawyer thought the other was representing the claimant in his forfeiture action. However, the court concluded that the claimant could not establish excusable neglect because the claimant had been providing notice of the status of the case to at least one of his attorneys and the attorneys were therefore aware that the case was not being defended well before the claimant moved to vacate the entry of default. Id. at *5-6.

Pabon also contends that his attorney was under time constraints that prevented the attorney from timely conferring with Pabon, who had been in prison at the time. However, the Second Circuit has "consistently declined to relieve a client under [FED. R. CIV. PRO. 60(b)] subsection (1) of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload." Samuels v. Northern Telecom, 942 F.2d 834, 837 (2d Cir. 1991).

In addition, Stachowski acknowledged at oral argument that he met with Pabon in July of 2006, when he was serving as Pabon's assigned defense counsel, and discussed the Government's seizure with Pabon. At that time, Pabon opted to delay making a decision on whether to retain Stachowski on the civil forfeiture despite being aware from

the Summons and Warrant for Articles *in Rem* that a timely claim of interest and answer was required.

Pabon cites to United States v. $135,290, 750 F. Supp. 359 (N.D. Ill. 1990), to support his claim that the entry of default should be set aside for excusable neglect. In that case, the court found excusable neglect where the claimant had difficulty communicating with his attorney because he lived in a different state, was going through a divorce, and his wife kept his legal mail from reaching him. Even assuming, *arguendo*, that this Court would similarly find excusable neglect in those circumstances, the circumstances present in this case are readily distinguishable. Pabon received notice from the Government of the seizure, was notified of the time constraints for filing a claim of interest and answer, and discussed the situation with his criminal attorney, whom he later retained to represent him in this civil action. Pabon's failure to timely file a claim of interest and answer is a direct result of his decision to delay retaining his attorney or timely act on his own behalf, which is not excusable neglect.

Alternatively, Pabon contends that he timely put the government on notice of his intent to contest the forfeiture through Stachowski's letter to the FBI. This argument presumably implies that the entry of default is merely a correctable mistake. However, this district has previously held that "the filing of an administrative claim with [a government agency] does not satisfy the verified claim obligation of Rule C(6)." United States v. $1,437, 242 F. Supp. 2d 193, 196 (W.D.N.Y. 2002).

Because Pabon has not shown mistake, excusable neglect or any other good cause, his cross-motion to set aside the Clerk's entry of default is denied.

**C. Pabon has Not Demonstrated That his Late Filing Should be Excused**

A district court has discretion to excuse a late filing if the claimant can show excusable neglect and a meritorious defense. Id. at 195 (*citing* United States v. One 1978 Piper Navajo Aircraft, 748 F.2d 316, 318 (5th Cir. 1984)). As already noted, Pabon has not demonstrated excusable neglect. This Court also rejects his contention that he has a meritorious defense.

Pabon states that he purchased the 1979 Jeep Wrangler prior to coming to Buffalo and that most of the payments on the 1997 Honda Civic were made before he moved to Buffalo. Pabon states that he purchased the Polaris ATV with a friend's wife's credit card and has been making payments on it with money not derived from narcotics transactions. Finally, Pabon states that the $5,869 in currency was from payments he received from his garage and automobile shop.

In response, the Government argues that Pabon's own tax returns state that he earned $4,125 in 2003 and reported no income in 2004. Additionally, the Government argues that Pabon's claim to having purchased the two automobiles prior to moving to Buffalo misses the point because both vehicles contained thousands of dollars in recent customizations.

This Court agrees with the Government that Pabon's unsupported statements fail to establish a meritorious defense. Pabon's stated income in his tax returns is inconsistent with his claim to having made payments on the vehicles and customizations with legitimate income. Pabon also provides no receipts or affidavits from customers to support his claim that the currency seized and used to purchase and upgrade vehicles was derived from his

garage and automobile shop.  Pabon's conclusory argument that the Government cannot prove that he paid for the property with income derived from narcotics trafficking misstates his burden of showing a meritorious defense and is contrary to his own tax returns.  Absent a showing of both excusable neglect and a meritorious defense, there is no basis to excuse the late filing and deny the Government's Motion for Default Judgment.

## IV. CONCLUSION

Because Pabon failed to file a claim and answer within the time periods set forth in CAFRA and Rule C(6) of the Supplemental Rules, the Government's Motion for a Default Judgment is granted and Pabon's Cross-Motion to Set Aside the Clerk's Entry of Default is denied.

## V. ORDERS

IT HEREBY IS ORDERED, that the Government's Motion for Default Judgment and Order of Forfeiture (Docket No. 12) is GRANTED;

FURTHER, that Pabon's Motion to Set Aside the Clerk's Entry of Default (Docket No. 14) is DENIED;

FURTHER, that the defendant property consisting of one 1997 Honda Civic, VIN: 2HGEJ6578VH549526, green in color, tinted, and registered to Luis S. Pabon; one 1979 Jeep Wrangler Renegade, VIN: J9A93EH804333, red in color, and titled to Luis S. Pabon; one 2002 Polaris Sportsman 700 ATV, VIN: 4XACH68A12A705190, black in color, and titled and registered to Luis S. Pabon; and $5,869.00 United States currency, is hereby forfeited to the United States of America to be disposed of according to law by the United States Marshal's Service pursuant to Title 21, United States Code, Section 881(a)(4) and

(6) and Title 18, United States Code, Section 981(a)(1)(C) and (b);

FURTHER, that all claims and interest in said property is forever forfeited, closed, and barred; and

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: October 27, 2007
       Buffalo, New York

                                                /s/William M. Skretny
                                                WILLIAM M. SKRETNY
                                                United States District Judge